IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TAMARA J. SIMMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-329-A |
| | § | |
| COLUMBIA PLAZA MEDICAL CENTER | § | |
| OF FORT WORTH SUBSIDIARY, L.P., | § | |
| D/B/A MEDICAL CITY FORT WORTH, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Columbia Plaza Medical Center of Fort Worth Subsidiary, L.P. d/b/a Medical City Fort Worth, for summary judgment. The court, having considered the motion, the response of plaintiff, Tamara J. Simmons, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

Plaintiff is a registered nurse who was hired by defendant in August 2005. She alleges that, throughout her employment until in or around March 2017, she had an excellent performance history and evaluations and experienced no employment issues. At that time, she expressed patient safety concerns that caused her

1

to be subjected to a series of negative events and retaliatory behavior that continued until she resigned on January 15, 2019.

On March 17, 2020, plaintiff filed her original petition in the district court for the 153rd Judicial District of Tarrant County, Texas. The action was brought before this court by notice of removal. Doc.[1] 1. The operative pleading is plaintiff's amended complaint. Doc. 14. In it, she asserts causes of action for retaliation in violation of § 301.413 of the Nursing Practice Act, Tex. Occ. Code §§ 301.001-.657 (West 2019) ("NPA"), constructive discharge, intentional infliction of emotional distress, breach of contract and promissory estoppel.

II.

Grounds of the Motion

Defendant maintains that plaintiff cannot prevail on any of her claims. First, she cannot prevail on her anti-retaliation claim under the NPA because it was not timely brought; she cannot prove engagement in protected activity; and, she cannot prove causation. Second, constructive discharge is a theory of harm, not an independent tort. Third, intentional infliction of emotional distress is a gap-filler tort not available to plaintiff, whose claims fall under existing statutory remedies.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

Further, workplace discipline does not amount to intentional infliction of emotional distress. Fourth, there was no contract between plaintiff and defendant. And, fifth, defendant did not make any promise to plaintiff to support her promissory estoppel claim.[2]

III.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

---

[2] In addition, defendant addresses plaintiff's Title VII claims, which were not timely asserted. See Doc. 38 (denying leave to amend to assert such claims). Plaintiff does not address this part of the motion and the court need not consider it.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.³ Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the

---

³In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Objections to Summary Judgment Evidence

Plaintiff objects to the form of defendant's evidence. Doc. 41. Although it would certainly have been better for defendant to stick to the statutory language for declarations, 28 U.S.C. § 1746, and not added "to the best of my knowledge," the declarations make clear that the facts recited are based on personal knowledge of the declarants.[4] Doc. 37 at 124, 253. Further, although one of the declarants is no longer employed by defendant, she is qualified to attest to documents created during or prior to her tenure.[5] See Fed. R. Evid. 803(6)(D). In any event, as is its custom, the court is giving the summary judgment evidence whatever weight, if any, it deserves.[6] The facts are discussed in the analysis that follows.

---

[4] See In re Dengel, 340 F.3d 300, 313 (5th Cir. 2003)(affidavit based on information and belief is not competent summary judgment evidence); Richardson v. Oldham, 12 F.3d 1373, 1378-79 (5th Cir. 1994)(affidavit based on affiant's belief had not probative force in opposing summary judgment).

[5] In an abundance of caution, defendant has resubmitted the documents under authentication of its current custodian of record. Doc. 45.

[6] The court notes that plaintiff failed to deliver to the undersigned a paper copy of her summary judgment appendix as required by the undersigned's judge-specific requirements set forth in its orders. Docs. 17, 25. The court has nevertheless considered plaintiff's evidence and finds that it does not give rise to any genuine issue of material fact as to the claims she is pursuing.

5

V.

Analysis

As other courts have recognized, the NPA does not have an express limitations period. Vasquez-Duran v. Driscoll Children's Hosp., No. 2:19-CV-51, 2020 WL 7329815, at *17 (S.D. Tex. Nov. 12, 2020); Finney v. VHS San Antonio Partners, LLC, No. 5:14-CV-840-XR, 2015 WL 4637696, at *3-4 (W.D. Tex. Aug. 3, 2015). Accordingly, the court looks to analogous causes of action for which an express limitations period is available either by statute or case law. City of Pasadena v. Smith, 292 S.W.3d 14, 22 (Tex. 2009); Johnson & Higgins, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 518 (Tex. 1998). And, the court agrees with Vasquez-Duran and Finney that the 180-day limitations period set forth in Tex. Health & Safety Code § 161.134 should apply.[7] Although plaintiff disagrees, she does not cite any authority to the contrary or to suggest that another limitations period would be more appropriate. Doc. 41 at 7. In this case, plaintiff resigned on January 15, 2019, but did not file suit until March 17, 2020. Her claims under the NPA are untimely.

The elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or

---

[7] The 180-day limitations period is actually generous considering that public employees only have 90 days in which to seek relief. Tex. Occ. Code § 301.413(j), adopting the limitations period of the Texas Whistleblower Act, Tex. Gov't Code § 554.005.

6

tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Mullins v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009) (internal quotation marks and citation omitted). To establish a valid contract, plaintiff must show "an offer and acceptance and a meeting of the minds on all essential elements." Principal Life Ins. Co. v. Revalen Dev., LLC, 358 S.W.3d 451, 454 (Tex. App.—Dallas 2012, pet. denied).

Here, plaintiff relies on a "position description" document she says she was required to sign each year. Doc. 41 at 9 (citing Doc. 37 at 128-29).[8] The document contains a list of essential job functions, including supporting defendant's code of conduct. Doc. 37 at 128. It also concludes with the statement:

> I acknowledge this job description is not designed to contain or be interpreted as a comprehensive inventory of all duties, responsibilities and qualifications required of employees assigned to the job.

Id. at 129. She says that when employees are required "by their contract to abide by policies or codes of the employer, such policies become part of the employment contract." Doc. 41 at 9. However, she overlooks that provisions are not implied in a

---

[8] Ironically, this is one of the documents she says should be stricken. Doc. 41 at 5.

7

contract absent specific reference showing that the parties intended to incorporate one document into another. Clutts v. Southern Methodist Univ., 626 S.W.2d 334, 336 (Tex. App.—Tyler 1985, writ ref'd n.r.e.). The job description is certainly not a contract, as it does not impose any obligation on defendant. Rather, it is more akin to a provision in an employment manual. Texas generally rejects the claim that an employment manual issued unilaterally by an employer constitutes a written contract that creates contractual rights for employees. Heggemeier v. Caldwell Cnty., 826 F.3d 861, 871 (5th Cir. 2016). And, in fact, defendant's employee handbook says that "nothing in this handbook is intended to create, nor is it to be construed to constitute a contract between the medical center and any of its employees." Doc. 37 at 91. Plaintiff does not have any evidence that she was anything other than an at-will employee.

Plaintiff does not address the remaining claims. Rather, she admits that her claims for intentional infliction of emotional distress, promissory estoppel, and constructive discharge as a separate cause of action do not have merit. Doc. 41 at 10. And, since she has not shown that she has a viable claim for violation of the NPA or for breach of contract, she

8

does not have a claim for constructive discharge under those theories.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on her claims against defendant; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED July 29, 2021.

_____
JOHN McBRYDE
Senior United States District Judge

9